IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEEL S. DAWSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1660-N |
| | ) | ECF |
| PARKLAND HEALTH AND HOSPITAL | ) | |
| SYSTEM, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se* action alleging employment discrimination and civil rights violations.

    Parties: Plaintiff, Teel S. Dawson, resides in Mesquite, Texas. Defendant is Parkland Health and Hospital Systems. No process has been issued in this case pending preliminary screening. On September 18, 2006, the Magistrate Judge issued a questionnaire to Plaintiff, who filed her answers thereto on October 2, 2006.

    Findings and Conclusions: The Court has granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That section imposes a screening responsibility on the district court. It reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e) (emphasis added).[1]

Section 1915(e)(2)(B) provides for a *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In her complaint Dawson alleges *inter alia* that she was a victim of discrimination in the work place and that she was wrongfully terminated. These claims allege discriminatory conduct proscribed by Title VII of the Civil Rights Act (42 U.S.C. § 2000e *et seq.*).

It is settled law in the Fifth Circuit that a plaintiff cannot bring employment discrimination claims for relief in federal court which were not presented in an administrative complaint filed with the Equal Employment Opportunity Commission (the "EEOC"). *See e.g. Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990).

With her complaint, Dawson submitted a copy of her EEOC complaint, filed on June 12, 2006, together with the EEOC's right to sue letter filed on the same date. As the sole act of discrimination recited in the EEOC complaint, Plaintiff alleged that she was denied employment on March 17, 2006, on account of her race.

---

[1] Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *see also Benson v. O'Brian*, 179 F.3d 1014, (6th Cir. 1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (same).

In determining whether claims asserted in a lawsuit have been exhausted – i.e. presented to the EEOC – a court looks to the scope of the EEOC investigation, if undertaken, which can reasonably be expected to grow out of the charge of discrimination. *See Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1279 (5th Cir. 1994). It is unclear from Dawson's complaint whether she is claiming that she was a victim of discrimination during her previous employment at Parkland. Assuming that is the case, it is patently clear that the only claim which she exhausted is her claim that she was denied employment on March 17, 2006.

As part of the court's screening of Dawson's *in forma pauperis* complaint, a questionnaire was issued and served. In answers to questions 5 and 6, she advised that she initially spoke with Pam Walters on March 17, 2006, who in turn referred her to "Rosie" in Parkland's human resources department. Rosie then advised her that Plaintiff would be considered for re-hire only with administrative approval. There is nothing in Rosie's response as described by Plaintiff from which an inference of race discrimination could be drawn. Moreover, as related by Dawson, Rosie was also Black. Therefore, Plaintiff's race discrimination claim, based upon Parkland's failure to hire her on March 17, 2006, is patently without merit.[2]

Liberally construed it also appears that Plaintiff seeks to allege a defamation claim. Insofar as she seeks to invoke federal jurisdiction under 42 U.S.C. § 1983, as a general rule, an alleged injury to reputation does not state a cognizable claim. *See Paul v. Davis*, 424 U.S. 693, 711 (1976). In order to state a cognizable claim, there must be a sufficient stigma based upon a

---

[2] In answer to Question 7, Plaintiff states that she knows of no persons with knowledge of any facts showing that Parkland engaged in racial discrimination.

false assertion of wrong doing on the part of the plaintiff which was made by a state actor plus an infringement of some other interest.  *See e.g. Blackburn v. City of Marshall*, 42 F.3d 925, 935-36 (5th Cir. 1995); *see also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 617 (7th Cir. 2002).

Dawson has failed to identify any false information which was disseminated by Parkland or one of its employees.  She does claim that, although she was initially offered employment at another hospital, Presbyterian Hospital of Dallas, she was informed on April 6, 2006, that she would not be employed.  *See* Somate Hayes' letter dated April 6, 2006, with attachments, which Dawson submitted with her answers to the magistrate judge's questionnaire.  The attached notice made clear that rejection was based on the report of a third party, Group One Services, a copy of which was also included with Ms. Hayes' letter.  The Group One Services report notes Plaintiff's prior employment and termination with Parkland as well as a subsequent termination of employment at a second hospital.[3]  In addition to the fact that she has failed to show that any false information was disseminated by Parkland (*see* answer to Question 3, confirming her prior termination), it is clear that no information provided by Parkland precluded her from obtaining employment.  *See* Declaration in Support of Request to Proceed *In Forma Pauperis*, reflecting that Plaintiff was employed until September 8, 2006, although the identity of her most recent employer is not provided.

---

[3] Also attached to Ms. Dawson's answers is a seven-page consumer report from Group One Services, generated on May 9, 2006, which she apparently requested from the reporting agency after receiving Ms. Hayes's letter.  However, this report is irrelevant to any claims made in her complaint.

4

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

A copy of this recommendation shall be mailed to Plaintiff.

Signed this 19th day of October, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.